**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ASENCIO & ALICIA SALAZAR, | ) | No. FILED: JULY 8, 2008 |
| | ) | 08CV3875 |
| Plaintiffs, | ) | JUDGE KOCORAS |
| | ) | MAGISTRATE JUDGE KEYS |
| vs. | ) | TG |
| ARGENT MORTGAGE COMPANY, LLC and | ) | |
| DEUTSCHE BANK NATIONAL TRUST | ) | |
| COMPANY, | ) | JURY TRIAL DEMAND |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

**INTRODUCTION**

1.      Plaintiffs Asencio and Alicia Salazar seek rescission of their mortgage transactions pursuant to 15 U.S.C. § 1635.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction pursuant to Title 28 of the United States Code, Sections 1331 and 1337 because plaintiffs' claim under the Truth in Lending Act arises under federal law.  This Court has supplemental jurisdiction over plaintiffs' claim under state law pursuant to the Judicial Improvements Act of 1990, Pub.L.No. 101-650, 104 Stat. 5089, 28 U.S.C. § 1367.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(c) because the defendants do business in this district and plaintiffs' claims arose here.

**PARTIES**

4.      Defendant Argent Mortgage Company, LLC is a sub-prime mortgage lender.  The company's main offices are in Orange, California, but it does business in this district. Defendant Deutsche Bank National Trust Company is/was the owner of plaintiffs' mortgages and also does business in this district

5.      Plaintiffs Asencio and Alicia Salazar are residents of Franklin Park, IL.

**TRUTH IN LENDING ACT VIOLATION**

6.      Plaintiffs incorporate paragraphs one through five above.

7.      Argent's disclosures to plaintiffs did not comply with the requirements of the Truth in Lending Act.  To understand how the disclosures were defective, some background is helpful.

**REGULATORY FRAMEWORK**

8.      The Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et. seq. requires the clear, fair, conspicuous and accurate disclosure of the costs and terms of credit. The statute's purpose is to protect consumers from inaccurate and unfair credit practices, and to assure a meaningful disclosure of credit terms so that the consumers will be able to compare more readily the various credit terms available to them and avoid the uninformed use of credit.

9.      Accordingly, the Board of Governors of the Federal Reserve System promulgated Regulation Z to implement the TILA. 12 C.F.R. § 226.1(a).  A creditor is required by Regulation Z to make certain disclosures to the consumer, "clearly and conspicuously in writing, in a form that the consumer may keep." 12 C.F.R. § 226.17(a)(1).  Regulation Z sets out certain guidelines for creditors to follow when disclosing the amount financed, the finance charge, and the annual percentage rate to the consumer and demands that these disclosures be accurate. 12 C.F.R. § § 226.18, 226.22, 226.5.

10.      Regulation Z also requires that "disclosures shall reflect the terms of the legal obligation between the parties" 12 C.F.R. § 226.17(c)(1) and that the creditor accurately disclose "[t]he number, amounts, and timing of payments scheduled to repay the obligation." 12 C.F.R. § 226.18(g)(1).

11.      The Truth in Lending Act confers additional rights on home owners who refinance their mortgages with a new lender.  In order to give these borrowers an opportunity to reflect on their other TILA disclosures and to rethink transactions that would put the titles to their homes at risk, the Truth in Lending Act gives home owners who refinance their mortgages with a new lender the right to rescind the transaction until midnight of the third business day

following the consummation of the transaction or three business days after receiving their final

TILA disclosures or three business days of receiving notice of their right to rescind, whichever is

later.  More specifically, the statute provides that:

> Except as otherwise provided in this section, in the case of any consumer credit transaction ... in which a security interest ... is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this title, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so.

15 U.S.C. § 1635(a).

      12.    To ensure that rescission is a viable option, the statute also provides that if the

customer elects to rescind, the customer is entitled to the return of all money or property that the

customer has given as part of the credit transaction.  More specifically, the statute provides:

> When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such rescission.  Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction.

15 U.S.C. § 1635(b).

      13.    To ensure that home owner borrowers are aware of these rights, the statute

requires lenders to disclose rescission rights to customers clearly, conspicuously and accurately.

More specifically, the statute provides:

> The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section.  The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.

15 U.S.C. § 1635(a).

      14.    Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in

Lending Act, amplifies the statutory requirements. Subject to exceptions not here pertinent, the regulation provides:

> In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction ....

12 C.F.R. § 226.23(a)(1).

15.    The regulation goes on to require that the creditor "deliver" to "each consumer entitled to rescind" two copies of a document that "clearly and conspicuously disclose[]" the consumer's rescission rights. See 12 C.F.R. § 226.23(b)(1)

16.    More specifically, the regulation provides:

> In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:
>
>> (i) The retention or acquisition of a security interest in the consumer's principal dwelling.
>>
>> (ii) The consumer's right to rescind the transaction.
>>
>> (iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
>>
>> (iv) The effects of rescission, as described in paragraph (d) of this section.
>>
>> (v) The date the rescission period expires.

12 C.F.R. § 226.23(b)(1).

17.    Paragraph (d) goes on to explain the effects of rescission.  Subparagraph (d)(1) provides:

> When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any

amount, including any finance charge.

12 C.F.R. § 226.23(d)(1).

     18.    Subparagraph (d)(2) states:

Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.

12 C.F.R. § 226.23(d)(2).

## DEFECTIVE DISCLOSURES

     19.    On July 13, 2005, plaintiffs entered into a refinancing transaction with Argent Mortgage Company. The proceeds from this transaction were used payoff their existing mortgage that was originated by Argent Mortgage Company.  At the closing plaintiffs were given Notice of Right to Cancel forms based on the Federal Reserve Board's Model H8 form and not the Model H9 form required for borrowers refinancing with the same lender.

     20.    On May 10, 2006, plaintiffs refinanced their July 2005 Argent mortgage with Argent Mortgage Company.  At the closing, plaintiffs were given Notice of Right to Cancel forms based on the Federal Reserve Board's Model H8 form and not the Model H9 form required for borrowers refinancing with the same lender.  Also, there are discrepancies between the disbursements shown on the settlement statement given to plaintiffs at the closing and the actual disbursements listed on a settlement statement that was sent to plaintiffs after the closing.  This means the transaction had not been consummated as of the time of the closing and, therefore, the Notice of Right to Cancel forms misstated the rescission expiration date in violation of 12 C.F.R. § 226.23(b)(1)(v).

     21.    Under the Truth in Lending Act, if the rescission disclosures or material TILA disclosures are deficient, then the rescission period is extended for up to three years.  See 12 C.F.R. § 226.23(a)(3) ("If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first").

22.     Argent's rescission and material TILA disclosures were defective.  Accordingly, plaintiffs seek rescission of the mortgage transactions.

23.     Within twenty days of receiving the rescission notice, defendants should have released their security interest in plaintiffs' home and paid back to plaintiffs any money or property that plaintiffs paid to them in connection with the loan. See 12 C.F.R. § 226.23(d)(2). Defendants have not done either.

24.     Defendants' failure to honor the rescission request is a violation of the Truth in Lending Act.  Plaintiffs are entitled to rescission plus statutory damages and other relief.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs request that the Court grant judgment against defendants as follows:

a.     canceling defendants' security interest in plaintiffs' home and ordering defendants to provide plaintiffs with the money to which plaintiffs are entitled to under 12 C.F.R. § 226.23(d)(2);

b.     awarding plaintiffs appropriate actual damages;

c.     awarding appropriate statutory damages;

d.     ordering defendants to pay appropriate costs, penalties, and attorneys fees;

f.     granting such other relief as the Court deems just and proper.


Respectfully submitted by:


s/ Anthony P. Valach, Jr             _
Counsel for the Plaintiffs

THE LAW OFFICES OF DANIEL HARRIS
Anthony Valach
Daniel Harris
150 N. Wacker Dr., Suite 3000
Chicago, IL 60606
Telephone: (312) 960-1802

Facsimile: (312) 960-1936